UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 05-193M |
| ) | |
| v. ) | |
| ) | ORDER DENYING STIPULATED |
| BRUCE ARPIN, ) | MOTION TO EXTEND TIME |
| ) | |
| Defendant. ) | |
| ) | |

On June 24, 2005, the parties to the above-captioned matter filed a Stipulated Motion Continuing the Time to Seek Indictment from June 24, 2005, until July 20, 2005. Dkt. No. 12. The Court was provided with a proposed order stating that the "ends of justice" outweigh the best interests of the public and the defendant in a speedy indictment. Dkt. No. 13. The proposed Order suggests that there are novel questions of fact or law, a suggestion not supported by the record.

Congress "did not intend the 'ends of justice' exclusion to be granted as a matter of course but rather [intended it] to be used sparingly and only when necessary." *United States v. Lewis*, 980 F.2d 555, 560 (9th Cir. 1992) (internal citations omitted). Hence, an "ends of

ORDER DENYING STIPULATED
MOTION TO EXTEND TIME
PAGE -1

justice" exclusion may be granted only for a specific duration when "justified by the record with reference to the facts." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 1999) (internal citations and punctuation omitted). Generalized assertions that the "ends of justice" will be satisfied by the granting of a continuance are insufficient. *Id.* at 1154-55.

Here, the parties have provided no evidence, nor adduced any facts from the record sufficient to justify granting a continuance. Rather, the stipulation appears to be a boilerplate stipulation that is very similar to a stipulation previously filed to extend the time for an indictment from May 23, 2005, to June 20, 2005. Dkt. Nos. 9, 10. The only substantive difference appears to be the elimination of Mr. Arpin's participation in an inpatient substance-abuse program.

The reasons proffered by the parties are insufficient to justify a continuance. Moreover, an ongoing plea agreement negotiation is not a factor sufficient for this Court to find that granting a continuance will satisfy the "ends of justice." *Id.* at 1155-56 (citing *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983)). The parties' motion is therefore DENIED.

DATED this 27th day of June, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge